■ ROBERT HURTIG et al., Plaintiffs, v FRANCINE ARESTIA et al., Defendants. (Action No. 1.) PATRICK NOLAN, an Infant, by His Parent and Natural Guardian, PHILIP C. NOLAN, et al., Plaintiffs, v MARGOT HURTIG et al., Defendants. (Action No. 2.) FRANCINE ARESTIA, Plaintiff, v ANTHONY MASTROIANI, as

Administrator of the Estate of ALEXANDER GARBIZU, Deceased, et al., Defendants. (Action No. 3.) AETNA CASUALTY AND SURETY COMPANY, Appellant, v ANTHONY MASTROIANI, as Administrator of the Estate of ALEXANDER GARBIZU, Deceased, et al., Respondents. (Action No. 4.) [653 NYS2d 855] —In Action No. 4 for a judgment declaring that Aetna Casualty and Surety Company is not obligated to defend Alexander Garbizu in Action No. 1, Action No. 2, and Action No. 3, Aetna Casualty and Surety Company appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated February 24, 1992, which denied its motion pursuant to CPLR 3212 for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

It is undisputed that Michael Slotnick gave permission to Alexander Garbizu to repair his 1984 Honda automobile, which was insured by Aetna Casualty and Surety Company (hereinafter Aetna). On December 9, 1987, while Garbizu was operating the vehicle, it was involved in an accident from which these actions arise. Aetna has failed to establish as a matter of law (*see,* CPLR 3212 [b]) that Alexander Garbizu was not operating the motor vehicle with Slotnick's permission at the time that it was involved in the subject accident. Therefore, the Supreme Court properly denied Aetna's motion for summary judgment. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.